**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERTO CORTES-ALDANA and MARIA DE LA LUZ CORTES,<br><br>Petitioners,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 09-70117<br><br>Agency Nos. A095-193-323<br>A095-193-324<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010 [**]

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Roberto Cortes Aldana and Maria de la Luz Cortes, natives and citizens of

Mexico, petition pro se for review of the decision of the Board of Immigration

Appeals denying their third motion to reopen, challenging the denial of their

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

underlying cancellation of removal application and seeking to apply for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

Petitioners contend that their United States citizen children will experience hardship if they return to Mexico and therefore they are entitled to cancellation relief. The BIA did not abuse its discretion in denying petitioners' third motion to reopen as time- and number-barred, and petitioners may not reopen their cancellation of removal claim. *See* 8 U.S.C. §§ 1229a(c)(7)(A) & (C)(1); 8 C.F.R. § 1003.2(b)(2) & (c)(2),

Petitioners also contend that country conditions have changed in Mexico thereby excusing the time and numerical bars to reopening their asylum, withholding, and CAT claims. Petitioners further contend that they will be persecuted because they will be perceived as wealthy and potential kidnapping victims because they are Mexicans returning from the United States, thereby entitling them to asylum, withholding, and CAT relief. Petitioners failed to establish changed country conditions in Mexico that are material to petitioners and their circumstances. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008). In addition, petitioners failed to establish that they qualify as a cognizable social group, and therefore did not demonstrate prima facie eligibility for the asylum, and withholding relief requested. *See Delgado-*

*Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (rejecting as a particular social group "returning Mexicans from the United States"). Petitioners also failed to establish that it was more likely than not that they would be tortured if returned to Mexico, and thereby they failed to establish prima facie eligibility for CAT protection. *See id.* at 1152.

**PETITION FOR REVIEW DENIED**.